IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JULIA HAVEY, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ] Case No: |
| | ] |
| WYNDHAM VACATION OWNERSHIP, INC., | ] JURY DEMAND |
| | ] |
| Defendants. | ] |

# COMPLAINT

Comes now the Plaintiff, Julia Havey, by and through counsel and for cause of action will respectfully show to the Court as follows:

## JURISDICTION and VENUE

1. This action involves the application of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621, *et seq*., Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. § 2000e, *et seq*., and the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101, *et. seq*.

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4).

3. The claims asserted in this action arose in Davidson County, Nashville, Tennessee; therefore, proper venue for this action lies within the Middle District of Tennessee pursuant to 28 U.S.C. § 1391.

## ADMINISTRATIVE PREREQUISITES

4. Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C.A. § 2000e. A Notice of Right to Sue was issued on September 21, 2022, and received by Plaintiff on September 23, 2022, a true and correct copy of which is attached hereto as Exhibit A.

## PARTIES

5. Julia Havey ("Ms. Havey" or "Plaintiff"), is an adult 60-year-old female individual and citizen of the United States who resides in Cheatham County, Joelton, Tennessee.

6. At all relevant times, Plaintiff was an employee of Defendant Wyndham Vacation Ownership, Inc. d/b/a Travel and Leisure ("Defendant" or "WVO") within the meaning of the ADEA and ADA.

7. Defendant is a foreign limited liability company or similar business entity and regularly conducts business at 2415 McGavock Pike, Nashville, TN 37214.

8. At all relevant times, Defendants engaged in commerce or in an industry or activity affecting commerce and employed twenty (20) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year pursuant to 29 U.S.C. § 621, *et seq*., the Age Discrimination in Employment Act.

9. At all relevant times, Defendant engaged in commerce or in an industry or activity affecting commerce and employed fifteen (15) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

10. Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

## FACTUAL ALLEGATIONS

11. Defendant is a vacation ownership company engaged in the marketing, sale, and management of vacation properties.

12. Ms. Havey was employed by Defendant from March 17, 2017 until her termination on May 26, 2021.

13. Defendant employed Ms. Havey as a Frontline Sales Representative.

14. Ms. Havey's primary duties involved building and maintaining client relationships for the purpose of marketing and selling vacation properties.

15. Throughout her employment, Ms. Havey consistently received positive reviews based on her performance from clients and coworkers.

16. Ms. Havey is disabled as she suffers from alcoholism and is a recovering alcoholic.

17. At no time during her employment with Defendant was Ms. Havey actively drinking.

18. In its unmitigated state, Ms. Havey's disability interferes with the major life activity of thinking, ambulating, sleeping, and working.

19. Early in her employment, Ms. Havey understood that Defendant expected her to lie to clients and potential clients

20. Ms. Havey informed Defendant that as a recovering alcoholic, lying interfered with her recovery and she could not be expected to do so.

21. Defendant informed Ms. Havey that she could not be accommodated in this way and that lying to clients and/or potential clients is a condition of employment.

22. On one occasion, Ryan Supe, Director of Sales for Defendant, instructed Ms. Havey to present to two women who were clearly intoxicated.

23. These women ultimately bought a vacation package.

24. Two days later, the two women called wishing to rescind the sale and Mr. Sipe instructed Ms. Havey to lie to them and tell them they could not rescind until the end of their first year of ownership.

25. Both Mr. Sipe and Ms. Havey knew the sale could be rescinded within ten days.

26. In 2019, Ms. Havey applied for a Presenter position, which required a high level of expertise and experience.

27. Ms. Havey possessed all qualifications for the Presenter position.

28. However, despite Ms. Havey's interest and qualification in the Presenter position, younger, less experienced male employees were instead selected for the position on multiple occasions.

29. Eventually, Defendant interviewed Ms. Havey for a Presenter position.

30. During this interview, Joe Minor, Senior Manager for Defendant, subjected Ms. Havey to a one-hour closed-door mock presentation.

31. Also present during this mock presentation were employees of Defendant Jason Hill, Shawn Brooks, Jake (last name unknown), and Chris (last name unknown).

32. During Ms. Havey's mock presentation, Jason, Shawn, Jake, and Chris, acted as prospective clients and asserted that they were on vacation to "fuck Shawn's wife."

33. Ms. Havey openly expressed her humiliation during this mock presentation.

34. Despite the harassment, Defendant informed Ms. Havey that they were impressed with her performance and commented that it was the best they had ever heard.

35. Following this interview, Defendant hired Ms. Havey to be a full-time presenter at the downtown Nashville office.

36. Throughout her employment, Ms. Havey was subjected to extreme and pervasive sexual harassment.

37. Managerial employees, on multiple occasions, made comments to Ms. Havey about her breasts and made inquiries about her private sex life.

38. Ms. Havey reported these instances to management.

39. Management did not respond or attempt to prevent or mitigate this harassment.

40. On several occasions, Andre Carey, an employee of Defendant, asked Ms. Havey "where [she] got them" and "how much did [she] pay" in reference to Ms. Havey's buttocks.

41. Destiny Payton, a manager for Defendant, was present for these comments and did not intervene.

42. On one occasion, Josh Frakes, a sales manager for Defendant, addressed Ms. Havey in front of a room full of Defendant's employees saying "Damn Jules, you'd better not fall down, or we'd have to milk you before we can stand you up!"

43. Despite management for Defendant being present for this comment, Mr. Frakes was not disciplined or counseled.

44. Shortly after Mr. Frakes' comment, Jennifer Null, a manager for Defendant, gave Ms. Havey a hug and then commented "They are so much firmer than I expected them to be!" in reference to Ms. Havey's breasts.

45. After this instance, several more of Defendant's employees made comments about Ms. Havey's body.

46. Ms. Havey then filed a formal complaint with Human Resources.

47. Defendant did nothing to investigate Ms. Havey's complaint.

48. The harassment continued, and in February 2021 Ms. Havey again made a complaint to Human Resources regarding sexual and verbal harassment.

49. Following these reports and in retaliation, Sipe then announced "Julia is never to do presentations again."

50. On May 26, 2021 two Human Resources employees approached Ms. Havey about a statement Ms. Havey made in support of another employee of Defendant who had been sexually assaulted by an upper-level male employee of Defendant.

51. During this conversation, Defendant interrogated Ms. Havey for upwards of four hours.

52. Defendant also brought up the complaints Ms. Havey has previously made regarding her own complaints of harassment.

53. Ms. Havey suggested that the employees involved in harassing her be disciplined or moved into a position where they would have limited interaction with Ms. Havey.

54. Defendant told Ms. Havey that these suggestions were impractical.

55. At the conclusion of this conversation, Ms. Havey commented that she felt like the only option was for her to resign if the harassing behavior was going to persist.

56. Defendant immediately responded "we accept your resignation."

57. Following this conversation, Ms. Havey sent Defendant a letter stating she needed more time and that she did not resign.

58. Ms. Havey clarified that she had offered solutions to prevent being harassed by her coworkers going forward.

59. Ms. Havey further clarified that she communicated that she felt the only way to prevent future harassment would be to quit.

60. Ms Havey did not make this statement as an indication of her intent, but rather a statement of the position she felt Defendant had put her in by refusing to take action.

61. Ms. Havey was subjected to disparate treatment and terminated based on her age, disability, and gender.

62. Defendant terminated Ms. Havey in retaliation for requesting accommodation under the ADA and making reports of sexual harassment.

63. Any other reasons proffered by Defendant are pretext.

## COUNT I – AGE DISCRIMINATION
## (29 U.S.C. § 623(a)(1))

64. Plaintiff hereby re-alleges the foregoing paragraphs as though fully set forth herein.

65. Plaintiff asserts Defendant discriminated against plaintiff and interfered with her rights in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 621, *et seq*.

66. At said dates and times as set forth herein, Plaintiff was over the age of forty (40).

67. Plaintiff's co-workers and supervisors treated her differently and less favorably than younger employees.

68. Plaintiff was treated poorly and received disparate treatment as compared to younger employees who were similarly situated.

69. Defendant violated the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*. by wrongfully discriminating against Plaintiff on the basis of her age.

70. There is a causal connection between Plaintiff's age and her discharge.

71. At all relevant times set forth herein:

(a) Plaintiff was over forty years of age and was qualified to perform the required job duties.

(b) Plaintiff was discharged and/or denied advancement opportunities;

(c) Plaintiff's was denied advancement opportunities in favor of a substantially younger person;

(d) Age was the determining factor in the Defendant's decision to discriminate against the Plaintiff and to discharge Plaintiff; and

(e) Defendant did not have a legitimate, non-discriminatory reason for discharging Plaintiff.

72. As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

## COUNT II—DISABILITY DISCRIMINATION
## (42 U.S.C. § 12101, *et seq.*)

73. Plaintiff hereby re-alleges the foregoing paragraphs as though fully set forth herein.

74. Plaintiff was a qualified individual with a disability and/or was perceived as an individual with a disability.

75. Plaintiff was disabled in that she had physical impairments which substantially limited one or more life activities and/or major bodily functions.

76. Defendant regarded Plaintiff as disabled by perceiving her as having an impairment, whether or not the impairment limits or is perceived to limit a major life activity.

77. Defendant discriminated against Plaintiff on the basis of her disability and/or perceived disability in violation of the ADAAA, 42 U.S.C. § 12112, *et seq*.

78. Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

79. Defendant was aware of Plaintiff's disabilities.

80. Plaintiff made requests for reasonable accommodations that would not cause undue hardship to Defendant.

81. Defendant failed to engage in the interactive process.

82. Defendant took adverse employment actions against Plaintiff because of her disabilities and/or perceived disabilities.

83. Defendant took adverse employment actions against Plaintiff in retaliation for her requests for reasonable accommodations.

84. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

85. As a result, Plaintiff is entitled to recover her damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

### COUNT III—SEX DISCRIMINATION
### (42 U.S.C. § 2000e-2(a)(1))

86. Plaintiff hereby re-alleges the forgoing paragraphs as though fully set forth herein.

87. Plaintiff is a female and a member of a protected class under Title VII of the Civil Rights Act.

88. Plaintiff was qualified for her position.

89. Plaintiff was subjected to disparate treatment because of her sex in violation of Title VII of the Civil Rights Act.

90. Defendant is vicariously liable for the actions of its management and supervisors.

91. As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and anguish.

92. As a direct and proximate result of such actions, Plaintiff has been, is being and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff requests this court enter judgment in favor of the Plaintiff and against Defendant, for:

(1) all amounts of back pay, front pay, wages, employment benefits, or other compensation denied or lost by Plaintiff as a result of Defendant's adverse actions against Plaintiff;

(2) a judgment against the Defendant for damages, both compensatory and punitive, in an amount to be determined at trial;

(3) liquidated damages pursuant to the ADEA;

(4) a tax offset to neutralize the tax burden of any award;

(5) attorney's fees, interest and costs; and

(6) any such other legal or equitable relief as may be appropriate or to which she may be entitled under federal or state law.

Respectfully Submitted,

**THE EMPLOYMENT AND CONSUMER LAW GROUP**

*/s/ Lauren Irwin*
**BRANDON HALL, BPR No. 034027**
**LAUREN IRWIN, BPR No. 038433**
1720 West End Ave., Ste. 402
Nashville, TN 37203
(615) 850-0632

*Attorneys for Plaintiff*